**IN RE: Ben H. WILLINGHAM, Debtor.**

**Abdullah M. Al–Rayes et al., Plaintiffs,**

**v.**

**Ben H. Willingham, Defendant.**

**Case No.: 3:11–bk–1002–JAF**
**Adv. No.: 3:11–ap–269–JAF**

United States Bankruptcy
Court, M.D. Florida
**Jacksonville Division**

July 8, 2013

**33.** *Corrado Bros.,* 562 A.2d at 1192.

**34.** *Crosse,* 836 A.2d at 495–96.

Kenneth B Jacobs, GrayRobinson, P.A., Jacksonville, FL, for Plaintiff.

Mike E. Jorgensen, Jacksonville, FL, for Defendant.

Nina M. LaFleur, St. Augustine, FL, for Chapter 7 Trustee.

Chapter 7

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO QUASH SUBPOENA, STRIKE EVIDENCE, AND FOR PROTECTIVE ORDER

JERRY A. FUNK, United States Bankruptcy Judge

This proceeding is before the Court on Debtor Ben H. Willingham's ("Defendant")

Motion to Quash Subpoena, Strike Evidence, and for Protective Order (Doc. 52, the "Motion"), filed on June 4, 2013. Creditors/Plaintiffs Abdullah M. Al–Rayes, Enterprise Properties, Inc., Ranger Investments, Inc., Ranger–Kenmar, Inc., Essex Investments, Inc., and Essex–Triangle, Inc. (collectively, "Plaintiffs") filed a response in opposition (Doc. 53, the "Response"), to which Defendant filed a reply brief (Doc. 54, the "Reply"). For the reasons stated herein, the Motion will be granted in part and denied in part.

### I. Background

On February 17, 2011 (the "Petition Date"), Defendant filed a voluntary Chapter 7 petition under the Bankruptcy Code[1] (the "Petition"). Prior to the Petition Date, on March 15, 2007, the United States District Court for the Middle District of Florida, Jacksonville Division, entered a Consent Judgment in favor of Plaintiffs and against Defendant in the amount of $25,707,605.00 in Case No. 3:06–cv–362–MMH–JRK (the "District Court Litigation") (see Doc. 1–1, the "Judgment").

In the District Court Litigation, Plaintiffs alleged claims against the Defendant for, *inter alia*, fraud under the federal and state RICO statutes (see Doc. 1–2, "District Court Complaint"). Plaintiffs asserted that their claims arose out of a massive fraud perpetrated by Defendant who, unbeknownst to Plaintiffs, acted as both a seller to, and as an agent for, Plaintiffs in connection with the purchase by Plaintiffs of several commercial office buildings. More particularly, it was alleged in the District Court Complaint that Defendant represented Plaintiffs' interests in negotia-

---

**1.** Unless otherwise indicated, all references to the "Bankruptcy Code" or "Code" are to 11 U.S.C. ' 101 *et seq.*

tions for the purchase of various commercial office buildings as an agent for Plaintiffs. Subsequently, after taking Plaintiffs' purchase money, Defendant would purchase a commercial office building with Plaintiffs' funds from the owner (who was either a third party or, at times, one of the Defendant's corporations) and then re-sell it to Plaintiffs at a substantial undisclosed markup shortly thereafter.

The damages suffered by Plaintiffs as a result of Defendant's conduct are purportedly represented, at least in part, by the Judgment in the amount of $25,707,605.00.[2] The Judgment explicitly states that it was entered "without concession on the part of [Defendant] as to the merits of the claims" asserted against him (Doc. 1, Ex. A).

Plaintiffs filed the instant adversary proceeding pursuant to section 523 of the Bankruptcy Code, objecting to the dischargeability of the amount represented by the Judgment (Doc. 14, "Amended Complaint"). Plaintiffs also object to the discharge of Defendant pursuant to section 727 of the Code. In objecting to Defendant's discharge, Plaintiffs allege that, subsequent to the Petition Date, Defendant committed various acts and/or omissions that constitute grounds for the denial of his discharge. Specifically, it is alleged that Defendant failed to list on his bankruptcy schedules a potentially valuable antique watch, an equity membership in a prestigious golf country club, and golf clubs (Doc. 14 at 4–5, 20–21). In addition, it is alleged that Defendant received over ninety (90) wire transfers, both prior to and subsequent to the Petition Date, purportedly from an undisclosed account held by his wife, Erika Willingham, in Switzerland (the "Off–Shore Account"), which to-

tal over $300,000.00 (the "Transfers"). Defendant received all of the Transfers into a USAA bank account in Texas (the "USAA Account"), and it is from this USAA Account that he paid his personal expenses.

Defendant did not disclose the existence of the Off–Shore Account as an asset of his estate in his Bankruptcy Schedules, nor did he claim his interest in the Off–Shore Account as exempt. Defendant has testified that he keeps no financial documents and that he disposed of all such records in a shredder (Doc. 53, Ex. A at 27, 36). Prior to shredding such documents, however, Defendant stated he provided them to his accountant, Andrew Powers (*id.* at 36).

In the underlying bankruptcy case, the Chapter 7 Trustee, Alexander G. Smith (the "Trustee"), filed a motion to compel turnover of all the proceeds of the Off–Shore Account as well as all financial records from that account that detail the aforementioned wire-transfers (Case No. 3:11–bk–1002–JAF [Doc. 42]). On February 15, 2013, the Court granted the motion to compel insofar as it required the production of financial records related to the Off–Shore Account (Case No. 3:11–bk–1002–JAF [Doc. 65, the "Order Requiring Turnover of Documents"]). The Court's Findings of Fact and Conclusions of Law in this regard (Case No. 3:11–bk–1002–JAF [Doc. 66]) are incorporated herein by reference.

Pursuant to the Order Requiring Turnover, *supra,* Defendant provided various financial documents to the Trustee (Doc. 52 at 3). In addition, Defendant apparently provided additional information to the Trustee marked as "settlement communi-

---

**2.** The District Court Complaint contains twenty-two counts, several of which are claims for general breach of contract damages (Doc. 1, Ex. B). Consequently, it is not clear what portion of the amount awarded pursuant to the Judgment is attributable to Plaintiffs' claims of fraud and breach of fiduciary duty.

cations" (id.). Subsequently, Plaintiffs' counsel, Kenneth B. Jacobs, Esq., issued a subpoena to the Trustee requesting the documents obtained from Defendant pursuant to the Court's Order Requiring Turnover. Notice of this subpoena was not provided to Defendant or his counsel, Mike Jorgensen, Esq. In complying with the subpoena, the Trustee provided the requested documents to Plaintiffs' counsel (id.). Defendant claims such documents included the information marked as "settlement communications" (id.).

On April 25, 2013, Plaintiffs' counsel issued a subpoena *duces tecum* to Defendant's accountant, Andrew Powers, located in Mahopac, New York (Doc. 52–2). The subpoena does not state from which court it is issued; however, it requires that production be made at Plaintiffs' counsel's office in Jacksonville, Florida (id.). This subpoena also was not served on Defendant or his counsel. The subpoena requests financial documents of both Defendant and Mrs. Willingham. Defendant apparently learned of the subpoena by Mr. Powers. Mr. Powers has neither complied with the subpoena, nor moved to quash it.

Previously, third-party depositions were taken of Defendant's housekeeper, Ms. Dennis DeVore, and Defendant's sons, Kirby Willingham and Ben H. Willingham, III, on December 8, 2011 and June 19, 2012, respectively. Further, Defendant "believe[s]" Plaintiffs' counsel obtained additional financial documents from Swiss banks or financial institutions pursuant to other unnoticed subpoenas (Doc. 52 at 4–5). Such documents apparently provide additional information regarding the wire transfers into the USAA bank account in Texas, *supra (id.)*.

## II. Discussion

By way of the Motion (Doc. 52), Defendant seeks an order sanctioning Plaintiffs by striking and denying admission into evidence, at trial or any other hearings before the Court, any evidence obtained by way of unnoticed subpoenas. Defendant further seeks an order requiring Plaintiffs to provide a copy of all previously issued subpoenas to any party or non-party to the case and to provide copies of all documents received pursuant to any unnoticed subpoenas. With respect to the subpoena issued to Mr. Powers, Defendant seeks to quash the subpoena. In addition, Defendant seeks a protective order under Rule 26 of the Federal Rules of Civil Procedure because the materials requested that relate to Mrs. Willingham "are not relevant to any material matter in this case and ... the production of such would produce undue burden and further harassment of [Defendant]" (Doc. 52 at 11). Lastly, Defendant seeks an award of attorney's fees related to the Motion. Counsel for Defendant certifies that, prior to filing the Motion, he conferred with Plaintiffs' counsel in a good faith attempt to resolve the matters raised in the Motion (Doc. 52 at 12).

In the Response (Doc. 53), Plaintiffs posit that Defendant has not suffered prejudice by way of issuance of the unnoticed subpoena to the Trustee because the documents provided to Plaintiffs in accordance therewith were ordered to be turned over to the Trustee by the Court. In addition, Plaintiffs assert Defendant has suffered no prejudice by way of the unnoticed subpoena issued to Mr. Powers because Mr. Powers has not yet complied with the subpoena and Defendant has filed an objection. Further, Plaintiffs state that counsel for Defendant was provided notice of the depositions of the third-party witnesses (Dennis DeVore, Kirby Willingham, and Ben H. Willingham, III), and that counsel for Defendant even participated in the

scheduling of those depositions and appeared at those depositions. Lastly, counsel for Plaintiffs asserts that counsel for Defendant did not confer with him prior to filing the Motion (Doc. 53 at 9).

■ In general, a party does not have standing to challenge the issuance of a third-party subpoena; however, a party issuing a subpoena must comply with the notice requirements of Rule 45 of the federal Rules of Civil Procedure. Specifically, Rule 45(b)(1) provides, in pertinent part: "prior notice of any commanded production of documents or things or inspection of premises before trial shall be served on each party...." The purpose of the "prior notice" provision is to give an opposing party the opportunity to object to the subpoena prior to the compliance date set forth in the subpoena. FED. R. CIV. P. 45(b), Advisory Committee's Note. Defendant therefore has standing to move to quash the subpoenas *duces tecum* based on his assertion of not receiving prior notice of their issuance.[3]

■ In this instance, with respect to the subpoena issued to the Trustee, although Defendant arguably was not notified in time to object, the Court nevertheless ordered the turnover of such documents to the Trustee. Plaintiffs are therefore entitled to inspect such documents. To the extent Defendant was deprived of his right to object to the documents marked as "settlement discussions," Defendant may object to the admissibility of such documents at trial. In order to ameliorate any potential prejudice, Plaintiffs will be required to provide copies to Defendant of all documents received pursuant to the subpoena issued to the Trustee.

■ With respect to the subpoena issued to Mr. Powers, the Court would note that Mr. Powers has not yet complied with the subpoena. Consequently, Defendant was able to file the instant Motion to, *inter alia*, quash its issuance. Courts have held that when opposing counsel has had an opportunity to object, they are not prejudiced by a violation of Rule 45(b)(1). *McCurdy v. Wedgewood Capital Mgmt. Co.*, Case No. Civ. A. 97–4304, 1998 WL 964185, at *7 (E.D.Pa. Nov. 16, 1998). In this instance, Defendant has not been prejudiced by Plaintiffs' failure to fully comply with the prior notice requirement of Rule 45(b)(1); therefore, the Court will not quash the subpoena. Plaintiffs are forewarned, however, that any future failure(s) to comply with the Federal Rules may result in sanctions.

■ Defendant's Motion with respect to the subpoena issued to Mr. Powers additionally is based on Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c) provides that, upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to demonstrate good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978).

■ Here, Defendant states that the documents requested from Mr. Powers that relate to Mrs. Willingham are not relevant to the case and do not have a nexus to the issues in the case (Doc. 52 at

---

**3.** To the extent Defendant asserts a personal interest in the subpoenaed documents, such will be addressed in the portion of this Order concerning Defendant's motion for protective order, *infra*.

11). This argument, however, is specious. In the Court's Findings of Fact and Conclusions of Law entered in the main case in relation to the Order Requiring Turnover (3:11–bk–1002–JAF [Doc. 66]), *supra*, the Court found Mrs. Willingham to be incredible regarding her claim of total ignorance as to the existence of the Off–Shore Account and the subject wire transfers. As such, financial documents that relate to her may lead to the discovery of admissible evidence. Bankruptcy courts may order the retrieval of information concerning debtors and their estates from persons and entities who are not parties to the bankruptcy case. *See* 11 U.S.C. § 542(e); FED. R. BANKR. P. 2004(a)–(c); FED. R. BANKR. P. 9016; FED. R. CIV. P. 45; *In re Teknek, LLC*, Case No. 05 B 27545, 2006 WL 2136046, at *1 (N.D.Ill. June 30, 2006).

■ As to Defendant's argument that the production of such documents by Mr. Powers "would produce undue burden and further harassment of [Defendant]," the Court would note that Defendant has failed to make a particularized showing in this regard (Doc. 52 at 11). This is especially so since it is Mr. Powers who is responsible for complying with the subpoena, not Defendant.

■ With respect to striking the deposition testimony of Defendant's housekeeper, Ms. Dennis DeVore, and Defendant's sons, Kirby Willingham and Ben H. Willingham, III, the Court finds Defendant's arguments in this regard to be militated by the fact that Defendant waited over a year before challenging the taking of these depositions. As noted previously, the subject depositions were taken on December 8, 2011 and June 19, 2012, respectively. In addition, counsel for Plaintiffs attached notices of the depositions, which indicate Defendant was served a copy of each notice (*see* Doc. 53, Exs. E, F). Furthermore, counsel for Defendant apparently coordinated the scheduling of at least one deposition, and otherwise appeared at each deposition (*see id.*). Based on the foregoing, the Court will deny Defendant's motion to strike the deposition testimony.

Regarding Defendant's argument that he "believe[s]" Plaintiffs' counsel may have obtained additional financial documents from Swiss banks or financial institutions pursuant to other unnoticed subpoenas (Doc. 52 at 4–5), the Court would note that the Motion appears to be premature as Defendant has only a belief that such documents may have been produced. The Court will nevertheless direct that counsel for Plaintiffs provide copies to Defendant of any subpoenas issued to parties or non-parties to the case. In addition, copies of any documents obtained by way of any unnoticed subpoena shall also be provided to counsel for Defendant. Once Defendant has had an opportunity to review such information, he may of course file any appropriate motion.

### III. Conclusion

Based on the foregoing, it is **ORDERED:**

1. Defendant's Motion to Quash Subpoena, Strike Evidence, and for Protective Order (Doc. 52) is granted in part and denied in part as provided herein.

2. The motion to quash the unnoticed subpoena issued to the Chapter 7 Trustee, Alexander G. Smith, is denied.

3. The motion to quash the unnoticed subpoena issued to Andrew Powers is denied.

4. The motion for protective order with respect to the subpoena issued to Andrew Powers is denied.

5. The motion to strike the deposition testimony of Defendant's housekeep-

er, Ms. Dennis DeVore, and Defendant's sons, Kirby Willingham and Ben H. Willingham, III, on the basis that the depositions were not noticed, is denied.

6. Counsel for Plaintiffs, Kenneth B. Jacobs, Esq., shall forthwith provide counsel for Defendant with: (1) copies of any subpoenas issued to parties or non-parties to the case; and (2) copies of any documents obtained by way of any unnoticed subpoenas, including those documents obtained by way of the unnoticed subpoena issued to the Chapter 7 Trustee, Alexander G. Smith.

7. In the future, counsel for Plaintiffs shall fully comply with the requirements of the Federal Rules.

8. Defendant's request for attorney's fees related to the Motion is denied.